*544 OPINION of the Court, by
Judge Owsley.
ttow.an. in his own right as one of the heirs of William Rowan, deceased, and as purchaser from the other heirs, exhibited his hill in equity, asserting the better right to the land in contest under a patent which issued to his ancestor upon a survey made in virtue of an entry in the name of Abcdnego Carter.
The appellant Oldham claims the land under an adverse entry, and by his answer throws Rowan upon the proof of every fact necessary to the establishing his right.
On a hearing in the court below a decree was pronounced in favor of Rowan for the land, but upon an appeal to this.court, although the merits of the cause in relation to the conflicting entries was decided to be in favor of Rowan, yet in consequence of the deeds of conveyance from Mrs. Kelly and Douglass, who werefemes covert, and through whom Rowan claims part of the land, not having been acknowledged according to the provisions of the law on that subject, they were deemed necessary parties, and the decree of the court below reversed and the cause remanded for further proceedings, &c.
Upon the return of the cause to that court Rowan filed an amendment to his hill, alleging what had been previously charged in his original bill, that he had purchased and paid for the interest of Mrs. Kelly and Douglass, two of the heiresses of William Rowan, deceased, and further suggesting the death of Mrs. Douglass’s husband ; and furthermore made Mrs. Douglass and Mrs. Kelly and her husband parties, and called upon them to answer bis bill.
These defendants answered the bill, admitted the truth of its allegations, and moreover expressed a willingness by any competent deed to convey to the complainant Rowan, their interest in the land.
The alignment of an entry does not come within the ftatute a-gainft champer* ty and maintenance.
After this Oldham, who was not called upon by Rowan to make further answer, appeared in court and exhibited his answer, denying the allegations of the amended bill, and charging a continued possession of the land in him, and those through whom he derives claim, for upwards of thirty years ; hut the court being of opinion he. showed no good reason for making further answer, would not permit it to be filed.
The cause then was heard, and a decree again pronounced in favor of Rowan, for the defendants in that court severally to convey their interest in the land; and to reverse that decree, Oldham has prosecuted this writ of error.
In the consideration of this cause, we shall first inquire whether the court decided correctly in refusing to permit Oldham to answer the amended bill ?
In making this inquiry, it will be recollected that the answer rejected by the cout-t contains a charge not made in Oldham’s first answer, that of his being possessed of the land upwards of thirty years, and relies upon that possession as presenting a bar to Rowan’s right to relief; but as no cause is suggested why that circumstance was not relied on in the first answer, the court were not, merely for the purpose of letting in that defence, bound to admit his answer. As that ground of defence did not therefore of itself furnish a sufficient cause for a further answer, no error is perceived in the refusal of the court, unless the amendment of Rowan’s bill making new defendants per se gave Oldham a right to answer.
That the amendment did not confer such a right, we cannot for a moment doubt. It is true, were any new facts not contained in the original bill charged in the amendment, and to which for the purpose of a full de-fence Oldham should respond, it would be admitted that leave ought to have been given him to answer; hut as the amendment contains no charge affecting the interest of Oldham which is not substantially contained in the original hill, and to which the original answer fully responds, neither reason nor the rules of chancery practice require a further answer.
If then we are correct in supposing the answer of Oklham was properly rejected, the question occurs, should Oldham have been decreed to surrender his title to Rowan ?
*546 By the evidence now exhibited in the cause, Rowan and those through whom he alleges a purchase, are proven to be the heirs of William Rowan, deceased ; hut it is contended that as Mrs. Kelly and Douglass were femes covert when Rowan’s alleged purchase should have been made, as respects their interest in the land, Rowan has altogether failed to manifest any right to relief.
As Mrs. Kelly and Douglass are decreed to convey their interest to Rowan, it might be a question, as they are not before the court, whether Oldham, a claimant under an adverse entry, should under any circumstances be permitted to controvert the correctness of that decree ; but if the decree can now be questioned, still wé should he of opinion Rowan has clearly shown himself entitled to relief.
The title of those peines covert, it is true, as was held by this court when the cause was formerly here, has not by a legal transfer been conveyed to Rowan; but ashy their answers, voluntarily and legally made, (and that they were so made we are bound to infer) they admit the sale, and express a willingness again to convey, no violation of principle is perceived in decreeing them to perfect the title.
But it moreover appears from the evidence, that those under whom Oldham claims were possessed adversely to Carter when he assigned his entry to Rowan ; and hence it is contended that according to the laws against champerty and maintenance, the sale by Carter is invalid, and that the defendant claiming under that sale 'consequently ought not to be relieved.
This objection we are, however, of opinion cannot be sustained. The assignment, it is true, was made to Row an before the passage of the act of 1798 concerning champerty and maintenance ; but as the laws of Virginia, under which Carter’s entry was made, authorise the assignment of entries, by the assignment Rowan became legally invested with all Carter’s right to the land.
With respect to the relative merits of the entries, as we still entertain the opinion expressed when the cause was formerly here, a further discussion of them is deemed unnecessary.
Decree affirmed,